762 P.2d 592

**Arthur ROSS, Plaintiff/Appellee,**

**v.**

**Jay I. BARTZ and Marian Bartz, husband and wife; Jay I. Bartz, Ltd., a professional corporation; Sandia Investments, S.A., Defendants/Appellants.**

**No. 2 CA–CV 88–0118.**

Court of Appeals of Arizona, Division 2, Department A.

April 28, 1988.

Review Denied Oct. 25, 1988.

**306**

Thomas A. Thinnes, P.A. by Thomas A. Thinnes and Martin Lieberman, Phoenix, for plaintiff/appellee.

Beer & Toone, P.C. by Stephen C. Ryan, Phoenix, for defendants/appellants.

## OPINION

LACAGNINA, Chief Judge.

Jay Bartz and Sandia Investments, S.A., appeal from the trial court's order granting a new trial, ruling that it had erred in failing to instruct the jury on breach of fiduciary duty or trust, in an action brought by Arthur Ross against Bartz and Sandia for legal malpractice and/or breach of fiduciary duty based upon Bartz's investment of Ross's money held in trust by Bartz. Bartz argues that the acceptance of client's funds in a lawyer's trust account does not create a fiduciary relationship and that in any event, the failure to instruct on

breach of fiduciary duty was harmless error. We affirm.

## FACTS

Bartz, who had been performing legal services for Ross for several years, held $184,900 of Ross's funds from a real estate transaction in his trust account. Ross instructed Bartz to use the funds to purchase Krugerrands. Bartz decided to purchase the Krugerrands through Sandia Investments. In an effort to complete the transaction during June for alleged tax benefits, and following two unsuccessful attempts to arrange the transfer through banks, Bartz made the purchase without the assistance of a bank or escrow agent. At the suggestion of National Bullion and Coin Company (NBC), Bartz arranged to purchase the Krugerrands from Parliament, Ltd., a California corporation. Bartz wired $184,900 to Parliament in exchange for an oral promise to ship 430 Krugerrands within the next few days. The coins were not shipped as promised; Parliament eventually delivered 40 coins to Bartz.

Bartz later learned that the coins were not sent because Parliament had applied the entire sum to pay debts owed to it by NBC, an action taken on the direct request of the president of NBC. Bartz knew that NBC's president was facing criminal proceedings [1] and admitted that he did not trust NBC but chose that company to arrange the transfer because it was convenient. He called the Arizona Business Bureau and two Phoenix coin dealers to check out NBC but never investigated its solvency, never received any financial statements, nor did he check with any California agencies regarding NBC. In addition, when NBC placed the order, Bartz waived any liability on the part of NBC in order to save the commission charge. Although Bartz brought an action against Parliament and NBC, that same month NBC filed for bankruptcy.

## BREACH OF FIDUCIARY DUTY

We hold that the trial court acted within its discretion in granting a new trial based

---

**1.** His deposition was taken in preparation for trial at the Picacho facilities of the Arizona State Prison.

on its error in failing to instruct the jury on breach of fiduciary duty or trust. Throughout this litigation Ross consistently pled two theories of relief: legal malpractice and breach of fiduciary duty. Ross requested jury instructions on breach of fiduciary duty and the duties of a trustee. Bartz admitted at trial and documentary evidence supported his statement that when dealing with Ross's money he felt bound by the higher burden of care which came from that relationship and that he had breached his duty to safeguard the funds entrusted to him by Ross.

The supreme court's rule regarding lawyer trust accounts supports Ross's claim for two reasons. It states: 1) a lawyer should hold the property of others with the care required of a professional fiduciary, and 2) a lawyer's conduct with regard to his client's funds involves his obligation as a fiduciary and is independent of any obligation he may have as an attorney. Comment ER 1.15, Rule 42, Ariz.R.Sup.Ct., 17A A.R.S. Bartz was acting as a fiduciary in the transaction regarding the purchase of Krugerrands and not as an attorney performing legal services. Because he was acting as trustee, the trial court was required to instruct the jury on the duties of a trustee. Bartz was required to exercise such care and skill as a person of ordinary prudence would exercise with his own property. He was under a duty to take and keep control of the trust property and to use reasonable care and skill to preserve the trust property. *See* Restatement (Second) of Trusts §§ 174–176 (1959). *See also Cutler v. State Bar of California,* 71 Cal. 2d 241, 250–251, 78 Cal.Rptr. 172, 178–179, 455 P.2d 108, 114–115 (1969).

Affirmed.

HOWARD, P.J., and HATHAWAY, J., concur.